JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

04-00035

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
The Government of Guam, by and through the Attorney General of Guam

**DEFENDANTS**
Felix P. Camacho, in his official capacity as Governor of Guam

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Guam
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Guam
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Robert M. Weinberg                Tel: 475-3324
Office of the Attorney General, Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive, Hagatna, Guam  96910

ATTORNEYS (IF KNOWN)
Shannon Taitano                Tel: 475-9206
Legal Counsel, Governor's Office
P.O. Box 2950
Hagatna, Guam  96932

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☒ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Quo Warranto and Declaratory Judgment Action with Injunctive Relief demanded challenging defendant's usurpation of powers and duties of the plaintiff under the Organic Act of Guam, 48 U.S.C. § 1421 et seq.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: July 13, 2004
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

RECEIVED  JUL 13 2004  DISTRICT COURT OF GUAM  HAGATNA, GUAM

Case 1:04-cv-00035   Document 1   Filed 07/13/2004   Page 1 of 1



Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**



# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX P. CAMACHO, in his official capacity as Governor of Guam,<br><br>Defendant. | Civil Case No. CV04-**04-00035**<br><br>**VERIFIED COMPLAINT IN QUO WARRANTO; FOR DECLARATORY JUDGMENT; AND FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF** |

## COMPLAINT

### NATURE OF THE ACTION

1. This is a civil action arising under 48 U.S.C. § 1421g(d), the Territory of Guam's Organic Act, relating to the powers and duties of the Office of Attorney General for the Territory of Guam as established by the U.S. Congress. Plaintiff seeks relief in the nature of *quo warranto* against the Governor of the Territory of Guam, Felix P. Camacho, who is unlawfully usurping the functions, powers, duties and Office of the Attorney General, by

ORIGINAL

attempting to investigate and oversee the prosecution of suspected criminal wrongdoing in the Territory of Guam. Plaintiff further seeks a declaratory judgment that the Governor of Guam is without authority to appoint any individual in the nature of a "special prosecutor" to investigate and prosecute crimes in the Territory of Guam, and a declaration that the Governor's efforts to do so are a violation of the Organic Act of Guam. Finally, plaintiff seeks appropriate preliminary and permanent injunctive relief against the Governor enjoining him from attempting to exercise any authority with respect to the investigation and/or prosecution of alleged criminal wrongdoing within the Territory of Guam and with respect to the appointment of a "special prosecutor" for the Territory of Guam.

## JURISDICTION AND VENUE

2. This action arises under 48 U.S.C. § 1421, the Territory of Guam's Organic Act. Federal question jurisdiction is invoked pursuant to 28 U.S.C. § 1331. The plaintiff seeks declaratory and further necessary and proper relief pursuant to 28 U.S.C. §§ 2201 and 2202, and pursuant to 28 U.S.C. § 1651 ("all writs necessary or appropriate").

3. Defendant resides, and a substantial part of the events or omissions giving rise to the claims herein occurred, in the judicial district for the District of Guam. Pursuant to 28 U.S.C. § 1391(b), venue is therefore proper in the United States District Court for the District of Guam.

## PARTIES

4. Plaintiff is the Government of Guam, by and through its duly elected Attorney General of Guam, Douglas B. Moylan. Pursuant to 48 U.S.C. § 1421g(d)(1), the Attorney General of Guam is the "chief legal officer of the government of Guam."

5. Defendant Felix P. Camacho is a resident of Guam and the duly elected Governor of Guam.

## STATEMENT OF FACTS

6. Douglas B. Moylan is the first duly elected Attorney General for the Territory of Guam, sworn into office on January 8, 2003. By federal law, pursuant to 1998 amendments to the Organic Act, the Office of Attorney General became a "constitutional" officer, established not by local act, but by Congress in the Organic Act. *See* 48 U.S.C. § 1421g(d)(1). Previously an office created by local law, subject to appointment and removal by the Governor, federal law now defines the Attorney General as the "chief legal officer" of the Government of Guam. *Id.* In the 1998 amendments to the Organic Act Congress also authorized the Legislature of Guam to decide whether the Attorney General was to be elected. *See* 48 U.S.C. § 1421g(d)(2). The following year, the Legislature of Guam decided that the Office of Attorney General was to be an elected position. *See* P.L. No. 25-44. Accordingly, Douglas B. Moylan now holds office as the first elected constitutionally authorized and empowered Attorney General and chief legal officer for the Government of Guam.

7. There are no limitations expressed in the Organic Act upon the term "chief legal officer" with respect to the powers, duties and functions of the Attorney General of Guam. Neither the Legislature of Guam, nor any other branch of government is authorized under the Organic Act to intrude upon or otherwise usurp or diminish the powers and duties of the Office of Attorney General. Accordingly, the Attorney General possesses all the powers and duties heretofore known at common law, including but not limited to the sole power and authority to initiate and direct criminal investigations and prosecutions in the name of the

Government of Guam. The common law powers and duties of the Attorney General also include, but are not limited to, the sole authority to appoint, direct and supervise assistant attorneys general, deputy attorneys general, special assistant attorneys general, and special prosecutors.

8. By letter received in the Office of Attorney General July 8, 2004, the Governor of Guam, Felix P. Camacho, formally announced an "ongoing investigation" by his office into alleged violations of the laws of Guam by various public officials and employees of the Government of Guam, including the Attorney General and members of his staff. Invoking his responsibility to "faithful[ly] execut[e] the laws of Guam," the Governor further announced his intent to exercise his powers under the Organic Act of Guam to appoint a "special prosecutor." A true and correct copy of his July 8, 2004 letter to the Office of Attorney General is attached as **Exhibit 1**. The Governor has no such authority under the Organic Act or the laws of Guam.

9. In view of the 1998 amendments to the Organic Act establishing the Office of General as a "constitutional" or "organic" office, describing that office as "chief legal officer for the government of Guam, and in view of the 1998 amendments to local law providing that the Attorney General is an elected office, the Governor is no longer authorized to "appoint" anyone to the office of "special prosecutor," assuming he had been in the past. Indeed, there is no local law authorized by the Organic Act that empowers the Governor of Guam to "appoint" anyone to the office of "special prosecutor." As the Governor is without authority under the Organic Act to appoint anyone to the office of "special prosecutor," the Governor is without authority to hold that office or exercise any powers or duties associated with or related to such an office. The Governor's exercise of any appointment authority to the

office of "special prosecutor," or the attempt to exercise any of the functions, powers and duties thereof with respect to the investigation and prosecution of alleged criminal wrongdoing, is unlawful and without authority in violation of the Organic Act.

10. The office of "special prosecutor" is not defined by the laws of Guam or by the Organic Act. As a matter of law, the functions, powers and duties of said office, as described in the July 8, 2004 letter attached as Exhibit 1 are functions, powers and duties that, since the 1998 Congressional amendments, are wholly reserved to the Office of the Attorney General under the Organic Act. The Governor's exercise of those functions, powers and duties, and intended appointment of a "special prosecutor" usurps the powers and duties of the Office of Attorney General as "chief legal officer" for the Government of Guam; it is an unlawful intrusion into the functions, powers and duties of the Office of Attorney General, a violation of the doctrine of separation of powers, and is therefore unlawful under the Organic Act of Guam.

## CAUSES OF ACTION

## COUNT I -- QUO WARRANTO

11. Defendant Governor Felix P. Camacho is usurping, intruding, and unlawfully exercising the Office of Attorney General with his announced intent to appoint a "special prosecutor," however denominated, because it is the function, and power and duty of the Office of Attorney General alone to investigate and oversee the prosecution of alleged criminal wrongdoing within the Territory of Guam. Accordingly, defendant is due to be enjoined and restrained from exercising or attempting to exercise the powers and duties of said Office.

12. The unlawful usurpation and attempted exercise of investigative and prosecutorial functions of the Office of Attorney General as "chief legal officer" by defendant may be remedied by the issuance of a writ of *quo warranto* by this Honorable Court.

## COUNT II -- DECLARATORY JUDGMENT

13. The Governor's exercise of investigative and prosecutorial functions, powers, and duties, and intended appointment of a "special prosecutor" is without basis in the Organic Act and is an impermissible violation of the doctrine of separation of powers, and in particular, a violation of the powers and duties of the Office of Attorney General as "chief legal officer" of the Government of Guam, and thereby violates the Organic Act of Guam, 48 U.S.C. § 1421 *et seq*.

14. The violation of the Organic Act by the Governor may be remedied by the issuance of a declaratory judgment by this Honorable Court.

## COUNT III -- PRELIMINARY INJUNCTION

15. The Governor's exercise of investigative and prosecutorial functions, powers, and duties, and intended appointment of a "special prosecutor" is without basis in the Organic Act and is an impermissible violation of the doctrine of separation of powers, and in particular, a violation of the powers and duties of the Office of Attorney General as "chief legal officer" of the Government of Guam, and thereby violates the Organic Act of Guam, 48 U.S.C. § 1421 *et seq*.

16. In the absence of preliminary injunctive relief, the Office of Attorney General and the Government of Guam will suffer immediate and irreparable injury, in that the Governor's actions in exercising investigative and prosecutorial functions, powers, and duties, and intended appointment of a "special prosecutor" unlawfully usurps the constitutional and

6
Case 1:04-cv-00035 Document 1-2 Filed 07/13/2004 Page 6 of 11

common law powers and duties of the Office of Attorney General as "chief legal officer" in direct contravention to the doctrine of separation of powers and Congressional intent set forth in the Organic Act, and in direct opposition to the will of the people.

17. The violation of the Organic Act by the Governor may be remedied by the issuance of a preliminary injunction by this Honorable Court enjoining and restraining the Governor, his successors, agents, employees, and all those acting in concert with him, from engaging in the conduct complained of herein.

## COUNT IV -- PERMANENT INJUNCTION

18. The Governor's attempted exercise of investigative and prosecutorial functions, powers, and duties, and intended appointment of a "special prosecutor" is an impermissible violation of the doctrine of separation of powers, and in particular, a violation of the powers and duties of the Office of Attorney General as "chief legal officer" of the Government of Guam, and thereby violates the Organic Act of Guam, 48 U.S.C. § 1421 *et seq.*

19. In the absence of permanent injunctive relief, the Office of Attorney General and the Government of Guam will suffer immediate and irreparable injury, in that the Governor's exercise of investigative and prosecutorial functions, powers, and duties, and intended appointment of a "special prosecutor" unlawfully usurps the constitutional and common law powers and duties of the Office of Attorney General as "chief legal officer" in direct contravention to the doctrine of separation of powers and Congressional intent set forth in the Organic Act, and in direct opposition to the will of the people in electing the Attorney General.

20. The violation of the Organic Act by the Governor may be remedied by the issuance of a permanent injunction by this Honorable Court enjoining and restraining the
7

Governor, his successors, agents, employees, and all those acting in concert with him, from engaging in the conduct complained of herein.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff prays that his Honorable Court grant the following relief:

1. Issue a judgment declaring that defendant Governor Felix P. Camacho is usurping, intruding, and unlawfully holding and exercising the functions, powers and duties of the Office of Attorney General; and ordering defendant Governor Felix P. Camacho enjoined and restrained from exercising the powers and duties of said Office.

2. Issue a declaratory judgment that the appointment or attempted appointment of a "special prosecutor," however denominated, by the Governor is an impermissible violation of the doctrine of separation of powers, and in particular, a violation of the powers and duties of the Office of Attorney General as "chief legal officer" of the Government of Guam, and thereby violates the Organic Act of Guam, 48 U.S.C. § 1421.

3. Issue a preliminary injunction enjoining the Governor, his successors, agents, employees, and all persons acting in concert with him from exercising or attempting to exercise any of the powers and duties of the Office of Attorney General by, *inter alia*, exercising any authority with respect to the investigation and/or prosecution of suspected crimes or criminal activity within the Territory of Guam, said authority being entirely within the powers and duties exclusively reserved to the Attorney General as Chief Legal Officer; or by appointing or

attempting to appoint a "special prosecutor," however denominated, to investigate and prosecute allegations of criminal wrongdoing within the Territory of Guam.

4. Issue a permanent injunction enjoining the Governor, his successors, agents, employees, and all persons acting in concert with him from exercising or attempting to exercise any of the powers and duties of the Office of Attorney General by, *inter alia*, exercising any authority with respect to the investigation and/or prosecution of suspected crimes or criminal activity within the Territory of Guam, said authority being entirely within the powers and duties exclusively reserved to the Attorney General as Chief Legal Officer; or by appointing or attempting to appoint a "special prosecutor," however denominated, to investigate and prosecute allegations of criminal wrongdoing within the Territory of Guam.

5. Award plaintiff reasonable costs and attorneys fees.

6. Award plaintiff such other relief as the Court deems necessary and just.

## VERIFICATION

I, **DOUGLAS B. MOYLAN**, the undersigned, being first duly sworn, depose and say:

That I am the duly elected Attorney General of the Government of Guam, and that I have read the foregoing complaint and to the best of my knowledge and belief, the matters therein stated are true and correct, except as to any matters alleged upon information and belief, and as to those matters I believe them to be true.

Sworn to under penalty of perjury this the 13th day of July 2004.

_____
**DOUGLAS B. MOYLAN**
Attorney General

Respectfully submitted this 13th day of July, 2004.

**OFFICE OF THE ATTORNEY GENERAL**
**DOUGLAS B. MOYLAN**
**Attorney General of Guam**

_____
Robert M. Weinberg
Assistant Attorney General



**Office of the Governor of Guam**

P.O. Box 2950 Hagåtña, Guam 96932
TEL: (671) 472-8931 • FAX: (671) 477-4826 • EMAIL: governor@mail.gov.gu

Felix Perez Camacho
*Governor*

Kaleo Scott Moylan
*Lieutenant Governor*



0 6 JUL 2004

Douglas B. Moylan
Attorney General of Guam
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910

Re: Investigation into Possible Procurement Violations

Dear Attorney General Moylan:

Although I am not at liberty to discuss any ongoing investigation, I would like to point out what I would categorize as the obvious. Contrary to your non-judicial interpretation of the Organic Act of Guam, as Governor, I am responsible for the faithful execution of the laws of Guam. With this responsibility, comes the ability to appoint, when appropriate, a special prosecutor to perform prosecutorial functions whenever there is a conflict that would preclude the Office of the Attorney General from representing the People or the government of Guam. The power and prerogative of the Governor to appoint a special prosecutor has been affirmed by the courts of Guam in *People v. Camacho*, 1 Guam Rep. 501, and *Government of Guam v. United States*, D.C. Guam 1982, Civ. No. 82-0001, and most recently in *People v. Moylan*, Superior Court of Guam Case No. CM0864-03, Decision and Order dated January 23, 2004.

Because the investigation pertains to possible wrongful actions by the Office of the Attorney General, I am precluded from disclosing to you the results from an ongoing investigation into the activity of the Office of the Attorney General. This would truly be a breach of the public's confidence in this office's ability to faithfully execute the laws of Guam. I am sure as an officer of the court you could appreciate my concern.

*Sinseru yan Magåhet,*

**FELIX P. CAMACHO**
*I Maga' låhen Guåhan*
Governor of Guam

**EXHIBIT 1**