1  **SHANNON TAITANO, ESQ.**
   **OFFICE OF THE GOVERNOR OF GUAM**
2  Post Office Box 2950
   Hagatña, Guam 96932
3  Telephone:   (671) 472-8931
   Facsimile:   (671) 477-4826
4
   **MICHAEL A. PANGELINAN, ESQ.**
5  **CALVO AND CLARK, LLP**
   Attorneys at Law
6  655 South Marine Corps Drive, Suite 202
   Tamuning, Guam  96911
7  Telephone:   (671) 646-9355
   Facsimile:   (671) 646-9403
8
   Attorneys for the
9  Honorable Felix P. Camacho
   Governor of Guam
10

FILED
DISTRICT COURT OF GUAM

JUL 1 4 2004

MARY L. M. MORAN
CLERK OF COURT

11              IN THE UNITED STATES DISTRICT COURT
                       DISTRICT OF GUAM
12

13  THE GOVERNMENT OF GUAM, by and          )   Civil Case No. 04-00035
    through the ATTORNEY GENERAL OF         )
14  GUAM                                    )
                                            )   **OBJECTION TO SUGGESTION OF**
15                              Plaintiff,  )   **REFERRAL TO UNITED STATES**
                                            )   **MAGISTRATE JUDGE**
16              vs.                         )
                                            )
17  FELIX P. CAMACHO, in his official capacity )
    as Governor of Guam,                    )
18                                          )
                              Defendant.    )
19  _____)

20          Governor Felix P. Camacho respectfully objects to the Attorney General's suggestion

21  that the Plaintiff's *ex parte* application for a temporary restraining order be referred to United States

22  Magistrate Judge Joaquin Manibusan.  There is no statutory basis or local rule allowing the Attorney

23  General to make such a suggestion. *See* 28 U.S.C. §636; General Order of the District Court of Guam

24  No. 04-00016.  In addition, in the event the *ex parte* application for a temporary restraining order is

25  referred to Magistrate Judge Manibusan by the designated District Judge, Magistrate Judge Manibusan

26  may have to disqualify himself from considering Plaintiff's temporary restraining order application.

27  Title 28 U.S.C § 455 provides in part:

28

OBJECTION TO SUGGESTION OF REFERRAL TO
UNITED STATES MAGISTRATE JUDGE
B040714.382-0007.CT (Objection to Suggestion).wpd

**ORIGINAL**                                          1

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

> \* \* \* \*

> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

On July 13, 2004, the Attorney General of Guam filed the above-captioned case seeking a permanent injunction and in addition, has filed an *ex parte* motion for a temporary restraining order and a preliminary injunction. In addition, the Attorney General has requested that this matter be referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. However, in this particular instance, this matter should not be referred to Magistrate Judge Manibusan as grounds appear to exist to disqualify him from considering any part of the above-captioned case based upon the standards outlined in 28 U.S.C. § 455.

In his complaint, the Attorney General has sued the Governor of Guam, requesting *inter alia* a declaratory judgment from the Court that the Governor lacks the capacity to appoint a special prosecutor. The question of the Governor's ability to appoint a special prosecutor has current relevance in a criminal case pending before the Superior Court of Guam, *People v. Moylan*, Superior Court of Guam Case No. CM864-03. (See the July 14, 2004 Declaration of Louie J. Yanza filed herewith ("Yanza Decl.")) In that case, the Governor appointed a special prosecutor (see Exhibit "A" to the Yanza Decl.); thus, a decision by this Court is likely to impact the proceedings in that case. Additionally, Magistrate Judge Manibusan has been listed as a potential witness for the defendant, the Attorney General albeit in his individual capacity. (See Exhibit "B" to the Yanza Decl.)

Under the standards governing a judge's participation in a case, the Court must seek to avoid the appearance of impropriety. Under 28 U.S.C. §455(a), Magistrate Judge Manibusan should refrain from ruling in the above-captioned case so as to avoid impacting, or even the appearance of

OBJECTION TO SUGGESTION OF REFERRAL TO
UNITED STATES MAGISTRATE JUDGE
B040714.382-0007.CT (Objection to Suggestion).wpd

2

1 impacting, the Superior Court case in which he has been listed as a witness, as this might potentially

2 raise questions as to his ability to be impartial. Under 28 U.S.C. § 455(b)(1) - (3), his participation as

3 a material witness in the Superior Court case also provides a basis for his disqualification.

4            Moreover, the issue of Magistrate Judge Manibusan's disqualification was raised in

5 *People v. Moylan* and apparently resolved in favor of him disqualifying himself. In that case, the

6 government of Guam, through Special Prosecutor Louie J. Yanza, requested that then-Superior Court

7 Judge Manibusan recuse himself from hearing the Superior Court case on the basis that Judge

8 Manibusan: (1) was a witness, (2) presided over the defendant's first divorce proceedings, (3) presided

9 over the defendant's current (now concluded) divorce proceedings, and (4) issued an order in the

10 defendant's current (now concluded) divorce proceedings that was criticized by the United States

11 Attorney. (See Exhibit "D" to the Yanza Decl.) It appears that Judge Manibusan found those grounds

12 to be an adequate basis to recuse himself (See the Yanza Decl.) The Superior Court case has not yet

13 gone to trial. Thus, to the extent that those grounds may have formed a basis for Judge Manibusan's

14 recusal in *People v. Moylan*, they remain equally relevant in this proceeding. In addition, Judge

15 Manibusan's apparent earlier recusal at the request of the Special Prosecutor appointed by the Governor

16 makes Magistrate Judge Manibusan's impartiality in the current case even more susceptible to question

17 since rather than questioning the Special Prosecutor's authority, Judge Manibusan's apparent response

18 in recusing himself may be seen as an acknowledgment and confirmation of the Special Prosecutor's

19 authority to prosecute the Superior Court case.

20            Dated this 14th day of July, 2004.

21                       **SHANNON TAITANO, ESQ.**
                      **OFFICE OF THE GOVERNOR OF GUAM**

22

23                       **MICHAEL A. PANGELINAN, ESQ.**
                      **CALVO AND CLARK, LLP**
                      Attorneys for the Honorable Felix P. Camacho,

24                       Governor of Guam

25

26

27         By: _____
                  MICHAEL A. PANGELINAN

28

OBJECTION TO SUGGESTION OF REFERRAL TO
UNITED STATES MAGISTRATE JUDGE
B040714.382-0007.CT (Objection to Suggestion).wpd           3