



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

**Attorneys for the Government of Guam**





# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX P. CAMACHO, in his official capacity as Governor of Guam,<br><br>Defendant. | Civil Case No. 04-00035<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S "MEMORANDUM IN OPPOSITION TO ISSUANCE OF ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER"** |

Plaintiff respectfully replies to defendant's "Memorandum In Opposition To Issuance Of Order To Show Cause And Temporary Restraining Order" as follows:

The Governor's Opposition to the Temporary Restraining Order and Request for Preliminary Injunction is fourfold. The Governor contends: (1) that there is no justiciable case or controversy, i.e., the case is not ripe, despite the Governor's acknowledged exercise of the Attorney General's investigative and prosecutorial powers by virtue of his supervision of an "ongoing" investigation and his unequivocal declaration that he has the

power and authority to appoint a special prosecutor, which plaintiff contends is in direct violation of Guam's Constitution, the Organic Act, 48 U.S.C. § 1421, *et seq.*;[1] (2) that there is no showing of irreparable injury, despite the Governor's unapologetic usurpation of the Organic Act powers and duties of the Office of the Attorney General to investigate and prosecute alleged criminal wrongdoing within the Territory of Guam; (3) that the Attorney General has failed to show a strong likelihood of success on the merits; and (4) the Court should abstain under *Younger* abstention principles due to the pendency of an unrelated case in local court which tangentially may address the issue of the propriety of an appointed special prosecutor, but involves legally different parties.

## The Justiciable Controversy

The Governor misreads the complaint if he contends there is no justiciable controversy because it is not ripe. "Whether a dispute is ripe depends on 'the fitness of the issues for judicial decision' and the 'hardship to the parties' of withholding review." *Hotel Employees and Restaurant Employees International Union v. Nevada Gaming Comm'n*, 984 F.2d 1507, 1512-13 (9th Cir. 1993). (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 149 (1967). The Governor suggests the matter will not be ripe unless and until

---

[1] The "Organic Act of Guam," 48 U.S.C. § 1421 *et seq.*, functions as Guam's constitution. *See Haeuser v. Dept. of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996); *see generally, In re: Request of Governor Felix P. Camacho Relative to the Interpretation and Application of Sections 6 and 9 of the Organic Act of Guam*, 2004 Guam 10, ¶¶ 19-32 (Guam Sup. Ct. June 11, 2004). Prior to 2002, with the election of Guam's first Organic Act empowered Attorney General, the Attorney General was a cabinet position, appointed by the Governor of Guam. In 1998, the United States Congress amended the Organic Act to provide that there shall be an Attorney General of Guam who shall be the chief legal officer of the Government of Guam, 48 U.S.C. § 1421g(d)(1). The 1998 amendment further authorized the Guam Legislature to determine how this constitutional officer was to be selected, whether by election or appointment. 48 U.S.C. § 1421g(d)(2). Pursuant to Congressional authorization in the Organic Act as amended, in 1999, by Public Law 25-44, the Guam Legislature passed a law providing that the Attorney General of Guam would be elected in the next gubernatorial election. By establishing the Office of the Attorney General in the Organic Act itself, and defining the holder of that office as "chief legal officer of the government of Guam," Congress intended to insulate the Office of Attorney General from the oversight and control of its former appointing authority, the Governor.

the appointment of a special prosecutor is formally announced, and, presumably, a prosecution is commenced. The law does not require that a special prosecutor be appointed before the Court can review this purely legal issue. "As the issues are purely legal and the likelihood of [the Governor's usurpation of the Attorney General's powers and duties] creates hardship to the parties, the case also satisfies the prudential aspects of ripeness, and is fit for review." *Jacobus v. Alaska*, 338 F.3d 1095, 1105 (9th Cir. 2003); *see generally*, *Maldonado v. Harris*, ___ F.3d ___, 2004 WL 1233987 *7 (9th Cir. 2004).[2] *See also*, *Oregon v. Ashcroft*, 368 F.3d 1118 (9th Cir. 2004) (U.S. Attorney General's "interpretive rule" that Oregon's Death With Dignity Act violates Controlled Substances Act of 1970 is ripe for review because medical practitioners risk criminal prosecution).

The essence of the verified complaint is not that the Governor *may* appoint a special prosecutor at some point in the future; it is that the Governor is, *at this moment*, usurping the role and office of the Attorney General in his supervision of an "ongoing" investigation, and has clearly announced that he *has the authority* to appoint a special prosecutor, which he intends to exercise.[3] The Governor, by his actions and stated intentions, is exercising the powers and duties of the Office of Attorney General. Despite a demand from the "Chief Legal Officer for the Government of Guam," 48 U.S.C. § 1421g(d)(1), the Governor has categorically refused to turn over the results of an "ongoing" criminal investigation. *See* "Verified Complaint," ¶ 8, and Exhibit 1. The

---

[2] A history of past prosecution or enforcement of a challenged statute, or, in this case, challenged exercise of executive authority, is also relevant to the ripeness inquiry. *Maldono*, ___ F.3d at ___, 2004 WL 1233987 *7. The Governor, by his own pleadings, has exercised that challenged authority to appoint a special prosecutor in the past, and insists on his authority to do so in the future. This prong of the ripeness inquiry is thus easily met.

[3] *See* attached Declaration of Douglas B. Moylan, and Exhibit attached thereto, Memorandum from Anthony P. Sanchez, Chief of Staff to the Governor, to Frank Ishizaki, Guam Police Department Chief of Police, dated May 21, 2004 at p. 2 ("I request that your findings be turned over the Governor's Legal Counsel who can then determine whether your investigation warrants the appointment of a Special Prosecutor, who can then make a determination on whether criminal charges should be filed").

Governor has stated in unequivocal terms that *he* alone has the power and authority under the Organic Act to appoint a special prosecutor regardless of what the Organic Act says about the Attorney General's powers and duties. That is the present dispute: Whether the Governor has the power to supervise and direct a criminal investigation, and whether he has the power to appoint a special prosecutor in light of the amendments to the Organic Act. The Attorney General says the Governor does not, that those powers are reserved to the elected Office of the Attorney General, and that for the Governor to exercise the powers of that Office is an unlawful, "inorganic" usurpation of the powers and duties of the Attorney General under the Organic Act.

There is nothing premature or un-ripe about this controversy. Nothing is speculative, hypothetical, or conjectural about the Governor's position: When he sees fit, as now, he has the authority to usurp the powers and duties of the Attorney General and unilaterally arrogate unto himself the power to investigate and prosecute suspected criminal wrongdoing. At page 2 of his Opposition, the Governor protests that the investigation is being handled by the Guam Police Department, not him. At page 3, the Governor suggests he merely "requested" the Guam Police Department to investigate alleged wrongdoing within the Office of Attorney General. If that were true, the Attorney General might agree the matter was not yet ripe, for any private citizen may file a complaint with the police and ask that the police investigate suspected criminal wrongdoing. But the Governor is not acting as a mere private citizen who has filed a complaint with an independent agency and walked away. Lock, stock and barrel, the Governor has seized control of this "investigation" into suspected criminal wrongdoing.[4]

---

[4] If the Governor is willing to formally state for the record that the Guam Police Department has not been directed to report the results of its investigation to him, that he has not directed his staff to review the

Invoking his authority under the Organic Act to "faithfully execute the laws of Guam," the Governor admits that he is overseeing that investigation, and has refused to reveal the results to the Chief Legal Officer of the Government of Guam. *See* "Verified Complaint," Exhibit 1 ("Because the investigation pertains to possible wrongful actions by the Office of the Attorney General, I am precluded from disclosing to you the results of the ongoing investigation into the activity of the Office of the Attorney General. This would truly by a breach of the public's confidence in this office's ability to faithfully execute the laws of Guam.").[5] Without reservation, the Governor has informed the Attorney General he fully intends to exercise, and is exercising, powers and duties reserved to the Office of Attorney General under the Organic Act. This controversy is ripe for review.

### The Governor's "Ongoing" Violation of Guam's Constitution, the Organic Act, is Irreparable Injury *Per Se*

The irreparable injury to the balance of powers under the Organic Act and the unlawful usurpation of the powers and duties of the Office of the Attorney General by the Governor has been thoroughly addressed in the plaintiff's "Amended Memorandum in Support of Motion for Preliminary Injunctive Relief," at pp. 17, 18. Unfortunately again, the Governor mis-reads the complaint if he perceives that the only injury to the Office of Attorney General by the Governor's usurpation of that Office's powers and duties will occur if and when a special prosecutor is appointed. By the Governor's admission, at this

---

results of that investigation, that he will disclose the results of the investigation to the Chief Legal Officer of the Government of Guam, and that he does not have the authority to appoint a special prosecutor in this or any other case, now or in the future, there would be no controversy. That, however, is not at all what the Governor has said.

[5] The Governor's "faithfully execute the laws of Guam" argument in support of his asserted authority to usurp the powers and duties of the Office of the Attorney General has already been anticipated and addressed. *See* plaintiff's "Amended Memorandum in Support of Preliminary Injunctive Relief," p. 5 n. 1.

very moment, an investigation is being conducted by the Guam Police Department under the supervision and control of the Governor's Office, not under the direction of the Attorney General; it is still "ongoing"; the Governor has refused and refuses to divulge the results of the "ongoing" investigation. What the Governor has done is stepped into the shoes of the Attorney General with respect to the investigation and prosecution of suspected criminal wrongdoing within the Government of Guam. That is the Attorney General's job, not the Governor's. By his actions, the Governor is upsetting the balance of powers established by Congress in the Organic Act. That violation of Guam's "constitution" is irreparable injury *per se*.

## The Likelihood of Success on the Merits

The Attorney General's likelihood of success on the merits has been thoroughly addressed in the plaintiff's "Amended Memorandum in Support of Motion for Preliminary Injunctive Relief," at pp. 16, 19-21. The Governor's Opposition at pp. 6, 7 is, frankly, confused. The Governor attempts facile distinctions of two cases cited at pp. 12-15 of the Attorney General's "Amended Memorandum in Support of Preliminary Injunctive Relief," *In re House of Representatives (Special Prosecutor)*, 575 A.2d 176 (R.I. 1990); and *Murphy v. Yates*, 276 Md. 475, 348 A.2d 837 (Md. App. 1975). The Court is respectfully referred to what the Attorney General has previously stated in regard to the applicability of those two cases, and respectfully submits that they are directly on point and dispositive of the argument that the Governor here has no authority to appoint a special prosecutor, or otherwise direct the investigation and prosecution of suspected wrongdoing on Guam.

The Governor cites *People v. Malek*, 99 Misc.2d 439, 416 N.Y.S.2d 470 (1970), for the proposition that, by virtue of his responsibility to "faithfully execute the laws of Guam," the Governor has "implied" powers to usurp the powers and duties of the Office of Attorney General.[6] That overbroad assertion proves too much, and *Malek* does not support it, for *Malek* is distinguishable on its face. To the extent the case is remotely applicable, in New York, the Governor has express constitutional authority to direct district attorneys and the Attorney General to appear before and conduct grand jury proceedings. 99 Misc.2d 442-43, 416 N.Y.S.2d 472-73. Thus, the Governor's authority to appoint or direct a special prosecutor was more than arguably within the ambit of the Governor's powers to "faithfully execute the law," because in New York he did, in fact, have the authority to direct investigative and prosecutorial functions of the Attorney General and district attorneys. Here, however, since the 1998 amendment to the Organic Act by Congress establishing the Office of Attorney General as Chief Legal Officer, the Governor no longer has any authority whatsoever to initiate investigations or direct prosecutions. Whatever interplay there may be with respect to the investigative and prosecutorial powers and duties of New York's Governor and its Attorney General and district attorneys, it has no bearing on whether the Governor of Guam has any authority to usurp the powers and duties of the Attorney General of Guam.

---

[6] *See* n. 5, *supra*.

## Younger Abstention is Inapplicable

> Federal courts are generally obliged to exercise the jurisdiction which they have been granted. The narrow exceptions to this rule allow a federal court to postpone resolution of a constitutional challenge to a state law if that law is ambiguous and might be preserved by a conservative construction imposed by the state court. This is not such a case.

*Jersey's All-American Sports Bar, Inc. v. Washington State Liquor Control Board*, 55 F.Supp.2d 1131, 1135 (W.D. Wa. 1999). "[F]ederal courts have an 'unflagging obligation' to exercise their jurisdiction. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Miofsky v. Superior Court*, 703 F.2d 332, 338 (9th Cir. 1983). While the defendants have asked the Court to abstain, abstention is an 'extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it.' *Colorado River Water Conservation Dist.*, 424 U.S. at 813, 96 S.Ct. 1236." *United Staes v. Cannabis Cultivators Club*, 5 F.Supp. 1086, 1094 (N.D. Cal. 1998); *accord United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001).

At pp. 7–10, of his Opposition, the Governor seeks to invoke the *Younger* abstention[7] doctrine by pointing to the an entirely unrelated case pending in the Superior Court of Guam in which Douglas Moylan is a defendant on misdemeanor charges of "false statements under oath" in yet another unrelated domestic relations proceeding, both of which involve Douglas Moylan in his personal, not official capacity. *People v. Moylan*, Case No. CM864-03.

---

[7] *See Younger v. Harris*, 401 U.S. 37 (1971).

> Absent "extraordinary circumstances," Younger abstention is proper when the following three conditions have been met:
> (1) There are ongoing state judicial proceedings;
> (2) The proceedings implicate important state interests; and
> (3) The state proceedings provide the plaintiff with an adequate opportunity to raise the federal claims.
> Hirsh [v. Justices of the Supreme Court of the State of California], 67 F.3d [708,] 712 [(9th Cir.1995)]; Martinez [v. Newport Beach City,] 125 F.3d [777,] 781 [(9th Cir.1997)].

Green v. City of Tuscon, 255 F.3d 1086, 1091 (9th Cir. 2001) (en banc) (editorial brackets in original). Note that the three-part test, derived from *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), is in the conjunctive. All three prongs must be satisfied. The Governor's Opposition fails the first and third.

Not only are the underlying facts which establish the case-and-controversy here different, the legal issues are different from the case at bar. The legal issues between the two cases are entirely distinct, in part because the parties are not the same and are asserting distinguishable interests. The Governor's asserted similarity between the two cases is that he has appointed Mr. Louie J. Yanza as a "special prosecutor" in *People v. Moylan* The Governor fears a ruling on the merits of this federal case may "impact" or "affect the outcome" of Mr. Yanza's case, and argues that this Court should abstain pending the outcome of that case.[8] But Mr. Moylan, the defendant in his individual capacity in the Guam Superior Court, is an entirely distinct person from Mr. Moylan in

---

[8] If anything, in the interest of judicial economy, it may be advisable for the Governor's special prosecutor to stay *his* case pending the outcome of these proceedings, if he believes the lawfulness of his position is in jeopardy. As the Governor points out, the issue of the lawfulness of the special prosecutor in *People v. Moylan*, is not at issue in this case. "Governor's Opp." p. 9 n. 2. Nevertheless, "the 'mere potential for conflict in the results of adjudications,' is not the 'interference' that merits federal court abstention. Rather, the possibility of a race to judgment is inherent in a system of dual sovereigns and, in the absence of 'exceptional' circumstances... that possibility alone is insufficient to overcome the weighty interest in the federal courts exercising their jurisdiction over cases properly before them." *Green*, 255 F.3d at 1097 (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816-18 (1976)).

his official capacity in this federal court action. *Cf. Hafer v. Melo*, 502 U.S. 21 (1991) (discussing distinction between personal or individual capacity and official capacity suits for purposes of civil rights liability). The interests of the Attorney General *qua* attorney general are not necessarily the same as Mr. Moylan's personal interests, for whoever occupies the Office of Attorney General will have the same justiciable controversy with whatever governor is attempting to usurp the powers and duties of his or her office. *See Green*, 255 F.3d 1098-1101 (*Younger* abstention does not apply to nonparties to state litigation despite their opportunity to intervene in state proceedings).

Mr. Moylan's due process rights as a defendant, *in his individual capacity*, to be prosecuted by a fair and impartial prosecutor, whose appointment is properly authorized under the law, is a separate and distinct issue from Mr. Moylan's challenge, *in his official capacity as Attorney General*, to whether the Governor is usurping his authority under the Organic Act by arrogating unto himself the authority to assume the powers of the attorney general to investigate and direct the prosecution of suspected wrongdoing under an entirely different set of facts.[9] Mr. Moylan in his official capacity as the Attorney General in *Government of Guam v. Felix P. Camacho* is not a party to the case of *People v. Moylan* which is brought against him in his personal or individual capacity. And Governor Camacho, the official capacity defendant in this case, whose authority to oversee criminal investigations to the exclusion of the Attorney General is being challenged here, has never been a party to the case of *People v. Moylan*. There is no

---

[9] This is easily demonstrated. Assume *People v. Moylan* proceeds to trial against Mr. Moylan in his individual capacity and Mr. Moylan is acquitted of all charges. That still leaves unresolved the federal question presented here under separate facts: Whether the Governor's supervision and control of an investigation, and announcement that he reserves the right and has the authority to appoint a special prosecutor, in this and future cases, violates the Organic Act as an unlawful usurpation of the powers and duties of the Attorney General. Douglas Moylan the individual capacity defendant in *People v. Moylan* and Attorney General Douglas B. Moylan are not the same person, and they do not speak for one another.

ongoing state or local litigation between the parties to this federal action, and *Younger* abstention therefore does not apply.

While a declaration by this Court that the Governor's attempt to usurp the Attorney General's Office violates the Organic Act may have beneficial consequences for the individual defendant in *People v. Moylan*, "a mere commonality of interests with a party to the state court action is not sufficient to justify abstention." *Green*, 255 F.3d 1100. Moreover, the Supreme Court in *Richards v. Jefferson County*, 517 U.S. 793 (1996) and its progeny has rejected "the notion that the mere fact that a litigant in another case represented 'essentially identical' interests to those of the plaintiff can pose a bar to a separate plaintiff pursuing his own cause of action." *Id.*, 255 F.3d 1101. Nor is Douglas Moylan the Attorney General required to intervene in the case of *People v. Moylan* in order to protect the interests of his Office. "The notion that a federal court plaintiff automatically loses his right to proceed in federal court if there is any state court case pending in which he could intervene to adjudicate his federal law issue cannot be squared with *Richards*." *Id.*[10]

At p. 9 of his Opposition, the Governor argues that "both the local and federal proceedings implicate local issues" and are "important issues of local concern." That may very well be true, but it neither begins nor ends the inquiry. For the question presented is one of federal law under the Organic Act, and that question must be answered first. "That some issues may be litigated in the federal court that are also pending before the states courts ... does not implicate the *Younger* doctrine." *Green*, 255 F.3d 1098. And it is significant that this case does not seek to enjoin any part of the proceedings in *People v.*

---

[10] By the Governor's reasoning, the Attorney General, whoever he or she may be, would be required to intervene in *People v. Moylan* in order to assert and protect the separate official capacity interests that the Attorney General brings before this Court. The en banc Court in *Green* held precisely the opposite.

*Moylan*. What is being challenged here has nothing to do with the defendant's due process rights in *People v. Moylan*; rather, it is a challenge to the Governor's "inorganic" exercise of authority he does not have in an entirely collateral matter. Even if the Governor's unlawful exercise of prosecutorial discretion and authority *were* to be directly challenged by the defendant in *People v. Moylan*, it would not alter the abstention analysis here. Quoting the Supreme Court decision in *New Orleans Pub. Serv. Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) the Ninth Circuit has noted: "'it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding *reviewing legislative or executive action*.' *Id*. at 368, 109 S.Ct. 2506 (emphasis added). To the contrary, the Court pronounced, '[s]uch a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States.' *Id*." *Green*, 255 F.3d at 1096 (editorial brackets in original).

Carried to its logical extreme, the Governor could appoint legions of "special prosecutors" to investigate and prosecute a myriad of cases against Mr. Moylan in his individual capacity, and effectively preclude the federal court from ever exercising its jurisdiction to entertain the discrete federal question presented here, namely: Whether in light of the 1998 amendments to the Organic Act the Governor has the authority to usurp the powers and duties of the Attorney General to investigate and prosecute alleged wrongdoing.

Accordingly, because the parties are different, the underlying facts are different, and the legal questions presented are different, there is no "adequate opportunity in the

local proceeding for the litigation of the issues presented in this action," Governor's Opp. at 9. The Governor's reliance on *Younger* abstention is misplaced.

## Conclusion

Based upon the foregoing, defendant's "Opposition To Issuance Of Order To Show Cause And Temporary Restraining Order" is due to be overruled and the Temporary Restraining Order as prayed for is due to be granted

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Antorney General of Guam

_____
Robert M. Weinberg
Assistant Attorney General

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the foregoing by hand delivery, or by depositing same in the United States Mail, postage prepaid, and properly addressed to:

Shannon Taitano, Esq.
Legal Counsel, Governor's Office
P.O. Box 2950
Hagåtña, Guam 96932

Michael A. Pangelinan, Esq.
Calvo and Clark, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911

this 22nd day of July, 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

_____
Robert M. Weinberg
Assistant Attorney General

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | | |
|---|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM, | ) ) ) ) | Civil Case No. 04-00035 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| FELIX P. CAMACHO, in his official capacity as Governor of Guam, | ) ) ) ) | **DECLARATION OF DOUGLAS B. MOYLAN** |
| Defendant. | ) ) ) | |

I, **DOUGLAS B. MOYLAN**, declare that:

1. I am the duly elected Attorney General for the Government of Guam.

2. Upon information and belief, attached hereto as Exhibit A is a true and correct copy of a Memorandum signed by Anthony P. Sanchez, Chief of Staff to the Governor of the Territory of Guam, addressed to Guam Chief of Police Frank Ishizaki, dated May 21, 2004, subject: "Request for Investigation into Possible Procurement Violations."

I declare under penalty of perjury, under the laws of the United States and Guam, that the foregoing is true and correct.

Executed this the 22nd day of July, 2004.

_____
**DOUGLAS B. MOYLAN**
Attorney General

**Office of the Governor of Guam**

P.O. Box 2950 Hagåtña, Guam 96932
TEL: (671) 472-8931 • FAX: (671) 477-4826 • EMAIL: governor@mail.gov.gu

Felix Perez Camacho
*Governor*

Kaleo Scott Moylan
*Lieutenant Governor*

**CONFIDENTIAL**

2 1 MAY 2004

## MEMORANDUM

TO: Frank Ishizaki, GPD Chief of Police

FROM: Anthony P. Sanchez, Chief of Staff

SUBJECT: **REQUEST FOR INVESTIGATION INTO POSSIBLE PROCUREMENT VIOLATIONS**

Attached you will find correspondence from DOA Director Lou Perez and documents pertaining to a Teleprompter purchase by the office of Attorney General Douglas Moylan.

The results of Ms. Perez's research into the allegations raise serious questions about the procurement in question and I share her concerns. Essentially, Ms. Perez's letter points out that there may be three separate violations of Guam Procurement law. After a review of her letter, my concern is that the allegations could also constitute crimes under Guam law, including violation of the following provisions of Title 9 of the Guam Code Annotated:

> **§ 55.10. Tampering With Public Records; Defined & Punished.**
> (a) A person commits an offense if he:
> (1) knowingly makes a false entry in, or false alteration of, any record, document or thing belonging to, or received or kept by, the government for information or record, or required by law to be kept by others for information of the government;
> (2) makes, presents or uses any record, document or thing knowing it to be false, and with intent that it be taken as a genuine part of information or records referred to in Paragraph (1); or
> (3) intentionally and unlawfully destroys, conceals, removes or otherwise impairs the verity or availability of any such record, document or thing.
> (b) An offense under this Section is a misdemeanor unless the defendant's intent is to defraud or injure anyone, in which case the offense is a felony of the third degree.
> 9 G.C.A. § 55.10.

**EXHIBIT A**

> **§ 44.90. Official Misconduct; Defined & Punished.**
> A public servant commits a misdemeanor if, with intent to benefit himself or another person or to harm another person or to deprive another person of a benefit;
>     (a) he commits an act relating to his office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized; or
>     (b) he knowingly refrains from performing a duty which is imposed upon him by law or is clearly inherent in the nature of his office.
> 9 G.C.A. § 44.90.

Due to the conflict of interest issue, I am requesting that your agency launch an investigation into this matter and other possible procurement violations as indicated by Chief Procurement Officer Claudia Acfalle and Director Lou Perez.

I request that your findings be turned over to the Governor's Legal Counsel who can then determine whether your investigation warrants the appointment of a Special Prosecutor, who can then make the determination on whether criminal charges should be filed. However, if this is simply an administrative or personnel concern I ask that this matter be afforded the confidentiality that all investigations warrant.

Thank you for your cooperation on this matter.

Sincerely,

*[signature]*

ANTHONY P. SANCHEZ
*Chief of Staff*

Cc:    Public Auditor Doris Flores Brooks
        DOA Director Lou Perez