

Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Civil Division
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • law@mail.justice.gov.gu

Attorneys for the Government of Guam

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM, <br><br> Plaintiff, <br><br> vs. <br><br> FELIX P. CAMACHO, in his official capacity as Governor of Guam, <br><br> Defendant. | Civil Case No. 04-00035 <br><br> **NOTICE OF APPEAL** |

NOTICE is hereby given that THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM, plaintiff in the above-styled case hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Judgment and Order entered in this action on the 2nd day of August, 2004.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General of Guam

Robert M. Weinberg
Assistant Attorney General

1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served opposing counsel with a copy of the foregoing by hand delivery, or by depositing same in the United States Mail, postage prepaid, and properly addressed to:

Shannon Taitano, Esq.
Legal Counsel, Governor's Office
P.O. Box 2950
Hagåtña, Guam 96932

Michael A. Pangelinan, Esq.
Calvo and Clark, LLP
Attorneys at Law
655 South Marine Corps Drive, Suite 202
Tamuning, Guam 96911

this 9th day of August, 2004.

OFFICE OF THE ATTORNEY GENERAL
Douglas B. Moylan, Attorney General of Guam

Robert M. Weinberg
Assistant Attorney General

A-11 (rev. 5/00)



USCA DOCKET # (IF KNOWN)

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: The Government of Guam by and through the Attorney General of Guam vs. Felix Camacho, in his official capacity as Governor of Guam | DISTRICT: District Court of Guam | JUDGE: John C. Coughenour, United States Chief District Judge for the Western District of Washington |
|---|---|---|
| | DISTRICT COURT NUMBER: Civil Case No. 04-00035 | |
| | DATE NOTICE OF APPEAL FILED: August 9, 2004 | IS THIS A CROSS-APPEAL? No. ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): N/A | |

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**

This civil action arises under 48 U.S.C. § 1421g(d), the Territory of Guam's Organic Act, relating to the powers and duties of the Office of Attorney General for the Territory of Guam as established by the U.S. Congress. Plaintiff-appellant seeks relief in the nature of *quo warranto* against the Governor of the Territory of Guam, Felix P. Camacho, who is unlawfully usurping the functions, powers, duties and Office of the Attorney General, by attempting to investigate and oversee the prosecution of suspected criminal wrongdoing in the Territory of Guam. Plaintiff sought, *inter alia*, a declaratory judgment and appropriate preliminary and permanent injunctive relief against the Governor enjoining him from attempting to exercise any authority with respect to the investigation and/or prosecution of alleged criminal wrongdoing within the Territory of Guam.

On August 2, 2004, the trial court dismissed the action without prejudice on the basis that plaintiff's claims were not ripe for review and that the court was therefore without jurisdiction.

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:** Whether the trial court erred in dismissing this case without prejudice on the grounds that the issue presented -- whether the Governor of Guam was usurping the powers and duties of the Attorney General of Guam under the Organic Act, 48 U.S.C. § 1421(g) by directing the conduct of a criminal investigation into alleged wrongdoing within the Territory of Guam -- was not ripe for review and therefore non-justiciable.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):** While the trial court referred to a pending case in the Superior Court of Guam in which the Attorney General could possibly raise the claims presented here, appellant does not believe that case will have a bearing on the issues presented.

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:** No.
☐ Possibility of settlement
☐ Likelihood that intervening precedent will control outcome of appeal
☐ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters
(Specify) _____

☐ Any other information relevant to the inclusion of this case in the Mediation Program
_____

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ ORDER APPEALED | RELIEF |
| ✗Federal Question<br>☐ Diversity<br>☐ Other (Specify): | ✗ Final Decision of District Court<br>☐ Interlocutory Decision Appealable As of Right<br>☐ Interlocutory Order Certified by District Judge (Specify):<br>☐ Other (Specify): | ☐ Default Judgment<br>✗ Dismissal/jurisdiction<br>☐ Dismissal/merits<br>☐ Summary Judgment<br>☐ Judgment/court Decision<br>☐ Judgment/jury Verdict<br>☐ Declaratory Judgment<br>☐ Judgment as a Matter of Law<br>☐ Other (Specify): | ☐ Damages: Sought $ Awarded $<br>✗Injunctions:<br>✗Preliminary<br>✗Permanent<br>☐ Granted<br>✗Denied<br><br>☐ Attorney Fees: Sought $ |

|  |  |  | Awarded $<br>☐ Pending<br>☐ Costs: $ |
|---|---|---|---|

## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**
1. Copies of Order/Judgment Appealed Form Are Attached.
2. A Current Service List or Representation Statement With Telephone and Fax Numbers Are Attached (See 9th Cir. Rule 3-2).
3. A Copy of This Civil Appeals Docketing Statement Was Served in Compliance with FRAP 25.
4. I Understand That Failure to Comply With These Filing Requirements May Result in Sanctions, Including Dismissal of This Appeal.

| Signature Date | August 9, 2004<br>Date |
|---|---|

### COUNSEL WHO COMPLETED THIS FORM

NAME: Robert M. Weinberg

FIRM: Guam Attorney General's Office

ADDRESS: Suite 2-200E, 120 West O'Brien Dr., Hagatna Guam 96910

E-MAIL: rob_weinberg2003@yahoo.com

TELEPHONE: (671) 475-3324

FAX: (671) 472-2493

✸ **This Document Should Be Filed in The District Court With The Notice of Appeal** ✸
✸ **If Filed Late, it Should Be Filed Directly With the U.S. Court of Appeals** ✸

FILED
DISTRICT COURT OF GUAM
AUG - 2 2004
MARY L. M. MORAN
CLERK OF COURT

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX P. CAMACHO, in his official capacity as GOVERNOR OF GUAM,<br><br>Defendant. | CIVIL CASE NO. 04-00035<br><br>**JUDGMENT** |

Judgment is hereby entered in accordance with the Order filed August 2, 2004.

Dated this 2nd day of August, 2004, Hagatna, Guam.

MARY L. M. MORAN
Clerk of Court

By: /s/ Shirlene A. Ishizu
      Deputy Clerk

Notice is hereby given that this document was entered on the docket on AUG - 2 2004.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ AUG - 2 2004
   Deputy Clerk   Date


RECEIVED AUG - 3 2004 10:07 ATTORNEY GENERAL'S OFFICE

[RECEIVED AUG -3 2004 ATTORNEY GENERAL'S OFFICE]

[FILED DISTRICT COURT OF GUAM AUG -2 2004 MARY L. M. MORAN CLERK OF COURT]



DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| THE GOVERNMENT OF GUAM, by and through the ATTORNEY GENERAL OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>FELIX P. CAMACHO, in his official capacity as GOVERNOR OF GUAM,<br><br>Defendant. | Civil Case No. 04-00035<br><br><br><br><br>ORDER |

This case is before the Court on an *Ex Parte* Application for Issuance of Order to Show Cause and Temporary Restraining Order and Motion for Preliminary Injunctive Relief (the "Application for TRO"), filed by the plaintiff Attorney General of Guam (the "Attorney General") on July 13, 2004. The defendant Governor of Guam (the "Governor") filed a Memorandum in Opposition to the Application for TRO on July 15, 2004. On July 22, 2004, the Attorney General filed a reply brief.[1] After reviewing all the pleadings and relevant caselaw, the Court hereby DISMISSES this case on the ground that it is not ripe for judicial review.

///

///

///

---

[1] This pleading, entitled "Plaintiff's Reply to Defendant's 'Memorandum in Opposition to Issuance of Order to Show Cause and Temporary Restraining Order'" and docketed as Docket No. 19, shall be referred to as the "Reply Brief."

# BACKGROUND

In November 2002, Douglas B. Moylan was elected[2] to the position of Attorney General of Guam. The Organic Act of Guam, which functions as Guam's constitution, provides that "[t]he Attorney General of Guam shall be the Chief Legal Officer of the Government of Guam." 48 U.S.C. § 1421g(d)(1).

On or about May 21, 2004, the Governor's Chief of Staff wrote a memorandum to the Chief of Police for the Guam Police Department requesting that he initiate an investigation into possible violations of Guam procurement laws by the Attorney General's Office. (Reply Brief, D.B. Moylan Decl. at ¶2 and Exhibit A thereto, Docket No. 19.) The memorandum further requested that the "findings be turned over to the Governor's Legal Counsel who can then determine whether [the] investigation warrants the appointment of a Special Prosecutor, who can then make the determination on whether criminal charges should be filed." (Id.)

On or about July 1, 2004, the Attorney General wrote to the Governor and "demand[ed] that the results of the investigation be disclosed" to his office as he believed that the Governor had "no authority under the Organic Act to appoint a 'special prosecutor.'" (M.A. Pangelinan Decl. at 2 and Exhibit A thereto, Docket No. 13.) The Attorney General claimed that the "appointment [of a special prosecutor] would be considered an unlawful and inorganic usurption [sic] of the powers and duties of the Office of the Attorney General." (Id.)

On or about July 6, 2004, the Governor responded to the Attorney General's letter. (Verified Complaint in *Quo Warranto* at ¶8 and Exhibit 1 thereto, Docket No. 1.) The Governor declared that he was "responsible for the faithful execution of the laws of Guam," and that with such responsibility "comes the ability to appoint, when appropriate, a special prosecutor to perform prosecutorial functions whenever there is a conflict that would preclude the Office of the Attorney General from representing the People or the government of Guam." (Id.) The

---

[2] Prior to the 2002 election, the Attorney General of Guam was appointed by the Governor of Guam with the advice and consent of the Guam Legislature. In 1998, however, Congress amended the Organic Act of Guam to permit the Guam Legislature to provide for the election of the Attorney General of Guam. 48 U.S.C. § 1421g(d). In 1999, Guam Pub. L. 25-44 (codified at 5 Guam Code Ann. § 30101) was enacted to create an elected Attorney General of Guam.

Governor further stated that "[b]ecause the investigation pertains to possible wrongful actions by the Office of the Attorney General, I am precluded from disclosing to you the results from an ongoing investigation into the activity of the Office of the Attorney General." (Id.)

Thus, on July 13, 2004, the Attorney General initiated the present action seeking declaratory relief and the issuance of preliminary and permanent injunctions enjoining the Governor from "exercising or attempting to exercise any of the powers and duties of the Office of the Attorney General by, *inter alia*, exercising any authority with respect to the investigation and/or prosecution of suspected crimes or criminal activity within the Territory of Guam."

## ANALYSIS

Before the Court can address the merits of the Application for TRO, the Court must first determine whether it has jurisdiction over the action. The Governor asserts that a temporary restraining order cannot issue because there is no justiciable case or controversy before the Court.[3] The Governor contends that he has not stated that he will appoint a special prosecutor to investigate or prosecute the Attorney General's Office. Rather, the Governor asserts that he has merely requested the Guam Police Department to investigate potential violations of Guam procurement laws by the Attorney General's Office.

The Attorney General, on the other hand, maintains that there is nothing premature or speculative about this controversy. The Attorney General believes this action is ripe for review because the Governor has refused to reveal the results of the investigation to his office.

In determining whether an action is ripe, courts inquire into: (1) whether the issue is fit for judicial decision; and (2) hardship to the parties if review is withheld. Assiniboine and Sioux Tribes v. Bd. of Oil and Gas Conservation, 792 F.2d 782, 788 (9th Cir.1986). A case is considered ripe for review when all of the essential facts establishing the right to declaratory relief have already occurred. Central Mont. Elec. Power Coop. v. Administrator of the Bonneville

---

[3] Because the issue of ripeness has been raised, the Court may consider dismissal as a remedy though not specifically requested by the Governor. See Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1544 n. 1 (9th Cir.1994) (mootness and ripeness properly challenged under Rule 12(b)(1).

Power Admin., 840 F.2d 1472, 1474 (9th Cir.1988). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Texas v. United States, 523 U.S. 296, 118 S.Ct. 1257, 1259, (1998) (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 581, 105 S.Ct. 3325 (1985) (internal quotation omitted)).

In this case, the Attorney General's request to have this Court declare that the Governor has no authority under the Organic Act of Guam to appoint a special prosecutor is not ripe for review since the Governor has not yet appointed a special prosecutor to prosecute possible procurement violations. The Governor has merely stated that one would be appointed "when appropriate." (Verified Complaint in *Quo Warranto* at ¶8 and Exhibit 1 thereto, Docket No. 1.) If and when the Governor appoints a special prosecutor as the Attorney General anticipates, then this action will be ripe for adjudication. As for now, however, the Attorney General's claim is contingent on a future event that may not occur as anticipated. If the results of the investigation show no wrongdoing on the part of the Attorney General's Office, then there would be no need for the Governor to appoint a special prosecutor,[4] and this case would be moot.

Additionally, the Court does not believe that the Attorney General would suffer any prejudice if the Court withheld review. The Court is aware of a pending criminal case in the Superior Court of Guam against the Attorney General, which was brought by a special prosecutor appointed by the Governor.[5] The Attorney General continues to function in his role even though a special prosecutor was appointed by the Governor since September 2003. Obviously that appointment by the Governor of a special prosecutor has not resulted in irreparable injury to the

///

///

---

[4] This is evident from the letter written by the Governor's Chief of Staff to the Chief of Police: "However, if this is simply an administrative or personnel concern I ask that this matter be afforded the confidentiality that all investigations warrant." (Reply Brief, D.B. Moylan Decl. at ¶2 and Exhibit A thereto, Docket No. 19.)

[5] People of Guam v. Moylan, Superior Court of Guam Criminal Case No. CM864-03.

Attorney General's operations.[6]

The Court concludes that this case is not ripe for review since all of the essential facts establishing the Attorney General's right to declaratory relief have not yet occurred. Accordingly, the Court dismisses this case without prejudice for lack of jurisdiction.

SO ORDERED this 2nd day of August, 2004.

JOHN C. COUGHENOUR[*]
United States District Judge

Notice is hereby given that this document was entered on the docket on 08·09·04.
No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
By: _____ 08·09·04
Deputy Clerk      Date

---

[6] The Superior Court of Guam may be an appropriate forum for the Attorney General to raise his claims since an actual case brought by an appointed special prosecutor is currently pending before it.

[*] The Honorable John C. Coughenour, United States Chief District Judge for the Western District of Washington, sitting by designation.